IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:10-611 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Leroy Goodwin, a/k/a Chip, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for Status Conference and for Speedy Trial. Dkt. #8 (filed May 17, 2011). The Government has responded in opposition. For the reasons below, Defendant's motion is **denied**.

The Speedy Trial Act (the Act), Title 28, United States Code, Section 3161, *et seq*., furnishes a statutory corollary to the speedy trial rights provided for in the Sixth Amendment. The relevant portion of the Act, § 3161(a), provides that "the appropriate judicial officer, at the earliest practicable time, shall . . . set the case for trial . . . so as to assure a speedy trial." The Fourth Circuit has made it clear that federal speedy trial rights are not implicated when a defendant is charged with both federal and state crimes, has not been either arrested or appeared on the federal charges, and is detained on the state charges for reasons unrelated to a federal detainer. *See United States v. Woolfolk*, 399 F.3d 590 (4th Cir. 2005); *United States v. Thomas*, 55 F.3d 144 (4th Cir. 1995); *United States v. Lee*, 818 F.2d 302 (4th Cir. 1987). These and other decisions recognize the need to allow defendants to be prosecuted by state authorities without federal interference, noting that holding otherwise would "mire the state and federal systems in innumerable opposing writs, to increase inmate transportation back and forth between the state and federal systems with consequent additional safety risks and administrative costs and generally to throw parallel federal and state prosecutions into confusion and delay." *Thomas*, 55 F.3d at 150-51. *See also United States v.*

*Taylor*, 240 F.3d 425, 428 (4th Cir. 2001) ("When a defendant is in the custody of the state government, the federal government of course does not control that person. Thus, federal authorities cannot be held responsible for the time the defendant spent in state custody.").

Additionally, Defendant's Sixth Amendment rights are not implicated by his current status in the State of Illinois. In order to prove a Sixth Amendment violation in this context, a defendant "must show first that the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation.'" *Thomas*, 55 F.3d at 148 (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)).

To the extent Defendant seeks to invoke the Interstate Agreement on Detainers (IAD), Title 18, United States Code, Appendix 2, the IAD, by its own terms, applies only to persons serving active sentences and not to pretrial detainees. *United States v. Forrest*, 402 F.3d 678, 685 (6th Cir. 2005); *United States v. Pardue,* 363 F.3d 695, 698 (8th Cir. 2004).

For these reasons, Defendant's motion for relief is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 17, 2011